**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| ERIKA ABDALLAH, | § § § |
| Plaintiff, | § Civil Action No.: § § |
| v. | § § |
| ATLANTIC CREDIT & FINANCE, INC., | § JURY TRIAL DEMANDED § § |
| Defendant. | § § § |

## COMPLAINT

ERIKA ABDALLAH ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ATLANTIC CREDIT & FINANCE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Houston, Texas 77074.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause under the FDCPA. See §1692(k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. Defendant is a national debt collection company with headquarters located at 3353 Orange Avenue, Roanoke, Virginia 24012.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. Plaintiff does not have any business debts, so the debt that Defendant has been calling Plaintiff about could only have been incurred primarily for personal, family or household purposes.

13. Beginning in or around May or June 2016, Defendant placed repeated harassing calls to Plaintiff's cellular telephone in their attempts to contact an unknown third party named Christina.

14. Defendant's calls derived from telephone numbers including, but not limited to: (540) 772-7800.

15. When these calls first began in May or June 2016, Plaintiff spoke to Defendant, informed Defendant they were calling a wrong number, did not know this individual and requested that Defendant stop calling and put her number on their do not call list.

16. Defendant heard and acknowledged Plaintiff's request to stop calling by responding, "Ok. We'll remove the number from the list."

17. Once Defendant was aware its calls were unwanted, any further calls could only have been for the purpose of harassing Plaintiff.

18.     However, Defendant has failed to update its records to restrict calls to Plaintiff's cellular telephone and continued to call Plaintiff in their attempts to contact the unknown third party named Christina.

19.     These calls were frustrating and annoying for Plaintiff, particularly since these calls would disrupt her while at work.

20.     After Plaintiff's repeated requests to stop calling and to remove her number from their calling list were ignored by Defendant, Plaintiff downloaded a call blocking application to her cellular telephone to stop calls from their number.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

21.     A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

23.     Here, Defendant violated §§1692d and d(5) of the FDCPA by calling Plaintiff repeatedly each day in their attempts to speak to an unknown third party even after Plaintiff informed Defendant they were calling a wrong

number, requested the calls stop, and requested they remove her phone number from their calling list.

## COUNT II
### **DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA**

24.     A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

25.     Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number, as it continued to call Plaintiff even though Plaintiff told Defendant many times they were calling wrong number and requested that her number be removed from their calling list.

WHEREFORE, Plaintiff, ERIKA ABDALLAH, respectfully prays for a judgment as follows:

    a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.     All attorneys' fees, witness fees, court costs and other

litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

e.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ERIKA ABDALLAH, demands a jury trial in this case.

Respectfully submitted,

Dated: October 19, 2016

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Attorney-in-Charge for Plaintiff
Pennsylvania Bar No. 202745
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com